Date signed October 21, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

In Re: :
 :  Chapter 7
TELECONTINUITY, INC. : Case No. 10-12513-PM
 :
   Debtor :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

     Before the court is the Motion filed by Merrill Cohen, Chapter 7 Trustee (the "Trustee") To Approve Settlement of Controversy and Compromise of Claims Between The Estate and WWC Capital Fund II, LP, In Its Capacity As Collateral Agent and Prepetition and Post-Petition Lenders For Whom WWC Capital Fund II, LP Acted As Collateral Agent (the "9019 Motion") .[1] Pursuant to the proposed settlement, the WWC Parties assign to the estate their prepetition senior blanket lien claims in excess of $350,000 and their Chapter 11 superpriority administrative claims of about $443,000, and pay the estate $300,000 cash, all in consideration for the Trustee's execution of a general release of the estate's claims against the WWC Parties (the "Settlement").

     Louis M. Mayberg ("Mayberg") and Nobska Venture Partners I, LP ("Nobska") filed an objection to the 9019 Motion in which they assert that the Settlement is not in the best interests of the estate and that they have made an offer to purchase the estate's claims against the WWC Parties for $350,000 cash, an amount which is superior to the consideration the estate receives

---

     [1]The Stipulation of Settlement appended to the 9019 Motion lists as the settling parties WWC Capital Fund II, LP in its capacity as collateral agent for WWC Capital Fund II, LP; WWC Capital Fund II-A L.P.; WWC Telecontinuity SPV L.P.; and Ronald C. Hammond, collectively referred to hereinafter as the "WWC Parties."

under the Settlement (the "Mayberg-Nobska Offer).[2]

The Trustee, in turn, states that he had extensive discussions with Mayberg and Nobska about a sale to them of the estate's claims against the WWC Parties and concluded that this was not the appropriate method of liquidating this asset. Their offers did not measure up to the benefit to the estate offered by the Settlement. Among reasons for rejecting the Mayberg-Nobska Offer, the Trustee concluded that inasmuch as Mayberg and Nobska do not have the power to assign the lien claims of the WWC Parties to the estate, the entire consideration for the sale would be subject to the $443,000 Chapter 11 superpriority administrative claim of the WWC Parties. While Mayberg and Nobska alleged grounds for challenging the claims of the WWC Parties, the Trustee weighed the cost and speculative nature of such a proceeding and determined that the better, more certain result would be obtained by acceptance of the proposal of the WWC Parties.

In the 9019 Motion, the Trustee describes in detail his investigation into the positions of the parties, the merits of those positions, his discussions and negotiations with the parties, the relative cost-benefit of the proposals he had received, and his rationale for electing to request approval of the Settlement over the Mayberg-Nobska Offer. The court accepts the Trustee's analysis. The Trustee's recitation of the well-settled law that governs the matter before the court does not have to be repeated here. In particular, the court notes the speculative nature of not only the probability of success in litigating the estate's claims against the WWC Parties, but also the speculative nature of the claimed damages if WWC were found to be at fault. In evaluating these issues, the court - as well as the Trustee - is informed by the adversary proceeding that Mayberg and Nobska brought against the WWC Parties while the debtor was a Chapter 11 debtor-in-possession, as well as the counterclaim brought therein by the defendants. *See Louis M. Mayberg and Nobska Venture Partners I, L.P. v. WWC Capital Fund II, LP, In Its Capacity As Collateral Agent For WWC Capital Fund, II, L.P., WWC Capital Fund II-A, L.P. WWC Telecontinuity SPV,*

---

[2]At the July 21, 2011 hearing on the 9019 Motion, Mayberg and Nobska also argued that the Settlement should be approached as a sale of an asset of the estate, namely, the estate's claims against the WWC Parties, and that when viewed as such, their Offer provides the estate greater consideration. While the court agrees with the principle that the settlement of a claim held by the estate is a sale or disposition of property of the estate, the court does not consider the Mayberg-Nobska Offer an overbid. *In re Moore*, 608 F.3d 253, 264-265 (CA 5 2010).

*LP, and Ronald C. Hammond*, Adversary Proceeding No. 10-000694-PM.[3] The Adversary Proceeding provides an extensive record for the Trustee's evaluation of the parties' positions. Having reviewed that record for itself, the court cannot find fault with the reasonableness of the Trustee's conclusion that the potential net value to the estate of the claims after litigation is speculative. *Protective Comm. for Independent Holders of TMT Trailer Ferry, Inc v. Anderson*, 390 U.S. 414, 424 (1968); *In re Martin*, 91 F.3d 389, 393 (CA3 1996). Here the creditors finish far ahead with the elimination of the blanket liens and administrative expense claims held by the WWC parties. The settlement is fair and equitable in all respects.

For these reasons, the court shall issue an order granting the Trustee's motion. In so doing, the court authorizes the Trustee's release of the estate's claims against the WWC Parties, including the claims of the debtor, but without prejudice to the claims of any other party against the WWC Parties.[4]

cc:     Chapter 7 Trustee
        All Creditors and Parties In Interest
        United States Trustee

**END OF MEMORANDUM**

---

[3] While this proceeding was not brought in the name of the debtor, the court assumes, without finding, that the complaint states claims that could have been brought by the Trustee on behalf of the estate should he have chosen to do so.

[4] The Stipulation of Settlement provides that, "the Trustee for himself, the Debtor, and the estate of the Debtor *and any of their respective counsel, advisors,* agents*, employers, employees, shareholders, members, affiliates, successors, assigns and professionals* shall be deemed to have forever waived and released any and all claims . . . ." (emphasis added). The italicized language describes individuals and entities that may have independent claims that are not property of the estate, and as such are outside the control of the Trustee and the jurisdiction of the court.